**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Wade Miles,<br><br>    Plaintiff,<br><br>vs.<br><br>King, et al.,<br><br>    Defendants. | No. CV-13-370-PHX-SRB (LOA)<br><br>**ORDER** |

    This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint and Plaintiff's First Amended Complaint. (Docs. 25, 28) Defendant King has filed a Response to Plaintiff's Motion. (Doc. 33)

**I. Background**

    Plaintiff commenced this civil rights action on February 21, 2013 by filing a Civil Rights Complaint by a Prisoner pursuant to 42 U.S.C. § 1983. (Doc. 1) The assigned District Judge screened the Complaint pursuant to 28 U.S.C. § 1915A(a) in an Order filed on June 18, 2013. (Doc. 7) In the Order, Counts One, Two and Three were dismissed along with Defendants Diaz and Lewis. (*Id.* at 10) Defendants Nowling and King were directed to answer Counts Four and Five. (*Id.*) On August 23, 2013, Defendant King filed an Answer. (Doc. 24) Defendant Nowling has not been served.

**II. Motion for Leave to Amend**

    Federal Rule of Civil Procedure 15(a) provides, in relevant part, that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it or (B) . .

1 . 21 days after service of a responsive pleading." Here, as noted above, Defendant King filed an Answer on August 23, 2013. (Doc. 24) Plaintiff filed his Motion for Leave to Amend on the same day. (Doc. 25) Because Plaintiff was within the time permitted to amend his Complaint "as a matter of course," the Motion for Leave to Amend is unnecessary and will be denied as moot.

**III. First Amended Complaint**

On August 29, 2013, six days after filing his Motion for Leave to Amend, and six days after Defendant King's Answer, Plaintiff filed a First Amended Complaint. (Doc. 28) As Defendant acknowledges in the Response, Plaintiff's First Amended Complaint was filed within the time for filing an amended pleading "as a matter of course" pursuant to Fed.R.Civ.P. 15(a)(1)(B). Plaintiff, however, has failed to comply with Rules of Practice in civil cases ("Local Rules" or "LRCiv" ) 15.1(b), which requires a notice and a copy of the proposed amended pleading when an amended pleading is filed as a matter of course. That rule states:

> If a party files an amended pleading as a matter of course or with the opposing party's written consent, the amending party must file a separate notice of filing the amended pleading. The notice must attach a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added. The amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If an amended pleading is filed with the opposing party's written consent, the notice must so certify.

LRCiv 15.1(b).

Moreover, an amended complaint supersedes its original complaint. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. *Id.*

Here, Plaintiff has failed to file a Notice in compliance with LRCiv 15.1(b) that includes a copy of the First Amended Complaint, indicating how it differs from the pleading which it amends with brackets and strikeouts. Plaintiff further violated LRCiv 15.1(b) by

attempting to incorporate part of the original Complaint by reference. In the "Request for Relief" section of the First Amended Complaint, Plaintiff states, "Note: Damages sought in the Original Complaint still stand requested." (Doc. 28 at 6)

In addition, Plaintiff's First Amended Complaint contains only three counts, identified as Counts Six, Seven and Eight. Counts Four and Five from the original Complaint, the only two of the five original counts for which the District Judge ordered an answer, are omitted from Plaintiff's First Amended Complaint. The Court assumes Plaintiff does not intend to abandon those two claims. It appears Plaintiff intended the allegations in his First Amended Complaint to be added to the allegations in the original Complaint. Amended complaints may not incorporate by reference. *See Hal Roach Studios*, 896 F.2d at 1546; *King*, 814 F.2d at 567. For these reasons, Plaintiff's First Amended Complaint will be stricken.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint, doc. 25, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint, doc. 28, is **STRICKEN**.

DATED this 7th day of October, 2013.

Lawrence O. Anderson
United States Magistrate Judge