**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Wade Miles, ) | No. CV-13-370-PHX-SRB (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Terra Diaz, et al., ) | |
| Defendants. ) | |

       This matter is before the Court on Plaintiff's Motion to Compel Discovery. (Doc. 65) Defendants have filed a Response and Plaintiff has filed a Reply. (Docs. 66, 67)

       Plaintiff seeks an order from the Court compelling Defendants to properly respond to his discovery requests. Plaintiff explains that on December 11, 2013, he served requests for production of documents and interrogatories on Defendants. He served Defendants a second set of interrogatories on January 28, 2014. Plaintiff contends Defendants objected to most of his discovery requests. He argues Defendants have waived their objections by failing to timely respond to the discovery requests. He also argues the discovery sought is relevant to his claims.

       In the Response, Defendants argue, *inter alia*, that Plaintiff failed to certify he conferred with opposing counsel in good faith in an effort to resolve the discovery disputes without court involvement, as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure. They also argue he failed to comply with the requirements of Rule 37.1 of the Local Rules of Civil Procedure ("Local Rules" or "LRCiv").

       Plaintiff contends in the Reply he complied with Fed.R.Civ.P. 37(a)(1) by attaching documents to the motion. Regarding compliance with the Local Rules, Plaintiff claims his

custody level does not afford him access to the Local Rules.

Rule 37(a)(1), Fed.R.Civ.P., provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The Local Rules reiterate this certification requirement. *See* LRCiv 7.2(j).

Additionally, LRCiv 37.1 provides that a motion to compel discovery shall "set forth, separately from a memorandum of law, the following in separate, distinct, numbered paragraphs:

> (1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested;
>
> (2) the answer, designation or response received; and
>
> (3) the reason(s) why said answer, designation, or response is deficient."

LRCiv 37.1(a). Civil Local Rule 37.1(a) applies to all *pro se* litigants, including prisoners. *See Aros v. Robinson*, 2011 WL 643386, at *2 (D. Ariz. Feb. 11, 2011) ("Plaintiff's failure to comply with [LRCiv 37.1(a)] provides an independent sufficient basis to deny his Motion to Compel."). The requirements of this Local Rule do not apply "where there has been a complete and total failure to respond to a discovery request." LRCiv 37.1(b).

A district court's local rules are not petty requirements, but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation omitted). They "are binding upon the parties and upon the court, and a departure from local rules that affects substantial rights requires reversal." *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal quotation marks omitted). "A departure is justified only if the effect is so slight and unimportant that the sensible treatment is to overlook it." *Id.* (citations and internal quotation marks omitted). "Anyone appearing before the court is bound by these Local Rules[,] including "[p]arties not represented by an attorney unless the context requires otherwise." LRCiv 83.3(c)(1).

Here, although Plaintiff attaches to his motion to compel letters to opposing counsel that address discovery issues, his motion does not include the require certification. The Court

- 2 -

1 finds, therefore, that Plaintiff has failed to comply with Fed.R.Civ.P. 37(a)(1) and LRCiv 7.2(j).

2 More importantly, Plaintiff's motion to compel fails to comply with LRCiv 37.1(a). Plaintiff's motion does not set forth, separately from a memorandum of law, in separate, distinct, numbered paragraphs, the discovery requested, the response received and the reasons why the response is deficient. Plaintiff's motion fails to clearly identify precisely which discovery responses he is disputing. Although Plaintiff attached the discovery requests and responses to his motion, Plaintiff did not do what the rule requires by identifying the disputed responses, and explaining, with respect to each response, why it is deficient. This requirement enables the Court to address the merits of each request and response individually. For these reasons, the Court finds Plaintiff's motion to compel fails to comply with LRCiv 37.1(a). Plaintiff's motion will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery, doc. 65, is **DENIED** without prejudice.

DATED this 15th day of April, 2014.

Lawrence O. Anderson
United States Magistrate Judge