**WO**                                    NOT FOR PUBLICATION


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Wade Miles, | No. CV-13-00370-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Terra Diaz, *et al.*, | |
| Defendants. | |

At issue are Elaine Miles's Motion to Substitute Party (Doc. 176), to which Defendants King and Nowling have filed a Response in opposition (Doc. 178), and Ms. Miles has filed a Reply in Support (Doc. 180)[1]; and Defendants' Motion for Judgment on the Pleadings (Doc. 177), to which Plaintiff's counsel has filed a Response (Doc. 179), and Defendants have filed a Reply (Doc. 181). The Court finds both motions suitable for resolution without oral argument. *See* LRCiv 7.2(f).

## I.     BACKGROUND AND POSTURE

On February 21, 2013, Plaintiff Lawrence Wade Miles, then an inmate in the Arizona Department of Corrections (ADOC), and acting *in pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants King, Nowling, and other employees of ADOC. (Doc. 1.) In his Complaint, Plaintiff alleged numerous violations of his Constitutional rights arising out of an altercation between him and King and Nowling

---

[1] Ms. Miles had previously filed a Motion Regarding Substitution of Party on October 19, 2015 (Doc. 163), to which Defendants filed a Response (Doc. 168), and Ms. Miles filed a Reply (Doc. 170). To the extent this prior set of briefing contains additional or different arguments, the Court has considered it along with the subsequent briefing on the issue of substitution for the deceased Plaintiff.

on or about September 12, 2012. Through this Court's previous rulings, several claims and co-Defendants have been dismissed from the action, leaving at present only Plaintiff's Eighth Amendment claims for excessive force as against King and Nowling for actions that occurred after they placed Plaintiff in his cell on September 12, 2012. (Doc. 106.) After this Court issued its Order granting in part and denying in part Defendants' Motion for Summary Judgment and stating that the matter would proceed to trial on the remaining claims, the Court granted Plaintiff's motion to appoint counsel. (Doc. 113.) Counsel for Plaintiff entered an appearance on March 31, 2015. (Doc. 114.) Counsel for both parties prepared for trial, which was set for July 28, 2015.

In early July 2015, Plaintiff was released from ADOC custody, having completed his sentence, and on July 16, 2015, less than two weeks before the scheduled trial date in this matter, he passed away. On July 17, 2015, Defendants filed a Motion to Vacate Evidentiary Hearing and Trial in Light of Possible Death of Party. (Doc. 156.) The Court held a hearing later that day and, after discussing the apparent death of Mr. Miles with both counsel, vacated the trial date. Defendants filed a Suggestion of Death Upon the Record on July 20, 2015, and served it upon Plaintiff's counsel the same day. (Doc. 160.)

On October 19, 2015, Elaine S. Miles, Plaintiff's mother, filed a Motion Regarding Substitution of Party, evincing an intent "to substitute the personal representative of the estate of Lawrence Wade Miles as a proper party in this action." (Doc. 163 at 1.) In the Motion, Ms. Miles advised the Court she had not yet been appointed the personal representative and requested that the Court not dismiss the action "to allow adequate time for the probate court to appoint her a personal representative." (Doc. 163 at 1.) On January 11, 2016, Ms. Miles filed a Renewed Motion Regarding Substitution of Party, advising that the probate court had appointed her as personal representative of her late son's estate. (Doc. 176.)

1    **II.      ANALYSIS**

2           **A.      Substitution of Ms. Miles**

3           Rule 25(a)(1) of the Federal Rules of Civil Procedure  provides that if a party dies,

4    unless substitution is made within 90 days of the service of a suggestion of death, the

5    action shall be dismissed as to the deceased party. The Rule establishes a procedure that

6    protects those who have an interest in the litigation and the authority to act on behalf of

7    the decedent by permitting substitution for the deceased party without unduly burdening

8    the surviving party. *Barlow v. Ground*, 39 F.3d 231, 233–34 (9th Cir .1994). Under Rule

9    25(a)(1), a party must (1) formally suggest the death of the party upon the record and (2)

10   serve the nonparty representatives of the deceased party with the suggestion of death in

11   the manner provided in Federal Rule of Civil Procedure 4 for the service of a summons.

12   *Id*. at 233. The 90–day period in which a motion for substitution can be made is not

13   triggered until both of these steps are taken. *Id*.

14          Defendants completed the first requirement, but not the second. They argue they

15   should be excused from the second requirement because their identification of Plaintiff's

16   mother, Ms. Miles, and their provision of her contact information to Plaintiff's counsel, is

17   enough. In support of their position, Defendants cite to *Russell v. City of Milwaukee*, 338

18   F.3d 662 (7th Cir. 2003), for the proposition that service of a notice of suggestion of

19   death upon no one other than the decedent's counsel satisfies the second  requirement.

20   The Court is not persuaded in this instance. First, the Court in *Russell* assumed without

21   analysis that the defendant had complied with Rule 25(a), and moved directly to the issue

22   of whether, under Fed. R. Civ. P. 6(b), the plaintiff's widow had shown excusable neglect

23   for her delay in moving for substitution. The opinion in *Russell* thus is not based on any

24   consideration of the issue presented here.

25          Second, as an out-of-circuit case, *Russell* is not controlling.[2] Another case, *Barlow

26   v. Ground*, is. 39 F.3d 231 (9th Cir. 1994). In *Barlow*, the Ninth Circuit held that "the 90

27   _____

28          [2] Nor does the opinion in *Russell* represent a uniform view of what will constitute adequate service under Rule 25(a). The circuits are split on the issue, and for every case holding as does *Russell*, there is another foreign circuit case providing that service on the decedent's attorney is not sufficient. *See, e.g., Samson v. AFC Indus*., 780 F.3d 679, 681

day period provided by Rue 25(a)(1) will not be triggered against [plaintiff's] estate until the appropriate representative of the estate is served a suggestion of death in the manner provided by Federal Rule of Procedure 4." *Id.* at 233-34. The court in *Barlow* put the onus of service of the representative of the plaintiff's estate squarely on the defendant, and recognized that the difference in method of service required for that representative— service according to Rule 4—as opposed to the method of service acceptable for another party—service according to Rule 5—was purposeful. *Id.* at 233.

> Non-party successors or representatives of the deceased party [] may not be protected by the attorney of the deceased party . . . because of the non-party's distance from the litigation, it may be that a non-party will be unaware of the need to act to preserve the claim.

*Id.* That the decedent's counsel in this matter subsequently agreed to represent Ms. Miles *pro bono*, and she therefore was made aware of the potential to substitute in on her late son's claims, does not change the requirement set by *Barlow* or its underlying purpose. *Barlow* provides "clear direction that, where the suggesting party is capable of ascertaining the proper party for substitution, it must serve the suggestion of death on that party to start the 90-day window for the filing of a motion to substitute." *McNeal v. Evert*, No. 2:05-cv-441-GEB-EFB P, 2015 WL 1680496, at *3 (E.D. Cal. Apr. 14, 2015) (discussing *Barlow*). In this matter, it is clear that Defendants, the suggesting parties, were capable of ascertaining the proper party for substitution, as they provided Plaintiff-decedent's counsel with contact information for Ms. Miles in July 2015. Therefore, Defendants, and not decedent-Plaintiff's counsel, were charged by Rule 25 with the responsibility of serving Ms. Miles with the notice of suggestion of death. Because they did not do so, the Court finds that the 90-day period for Ms. Miles' filing of a motion to substitute never began to run.

Even if the Court construed Defendants' filing of the notice on July 20, 2015, as satisfying Rule 25(a) and triggering the 90-day window, the Court would find that

---

(5th Cir. 2015) (holding that, for purposes of Rule 25(a), "service on the attorney for the plaintiff-decedent's estate will not suffice as service on the estate").

1    Plaintiff had shown good cause for an extension of the time to file her motion for
2    substitution. In her October 19, 2015 Motion Regarding Substitution of Party, Ms. Miles
3    expressly asked for more time to be appointed her son's personal representative and then
4    move for substitution. (Doc. 163.) Pursuant to Fed. R. Civ. P. 6(b), the Court is
5    empowered to grant that request upon "good cause shown." Here, Ms. Miles made her
6    request for extension 91 days after Defendants filed their notice, as follows: "[T]o allow
7    Ms. Miles adequate time to be named personal representative, she requests that this Court
8    enlarge the time for her to bring a renewed request to substitute the personal
9    representative . . . . Good cause exists here because no one has yet been appointed as the
10   personal representative." (Doc. 163 at 2.) The Court would agree that Ms. Miles has
11   shown good cause to allow additional time to renew her motion to substitute, if that
12   additional time was necessary.

13        The Court will grant Ms. Miles' motion to substitute as Plaintiff in this action
14   (Doc. 176).

15        **B.    Plaintiff's Claims for Nominal and Punitive Damages**

16        Defendants move for Judgment on the Pleadings on the grounds that the remaining
17   Eighth Amendment claims of excessive force do not survive the death of original
18   Plaintiff Lawrence Miles. Plaintiff contends that at least her claims for nominal and
19   punitive damages survive for trial.

20        Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on
21   the pleadings" after the pleadings are closed "but early enough not to delay trial." A
22   motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal
23   sufficiency of the opposing party's pleadings. *Westlands Water Dist. v. Bureau of*
24   *Reclamation*, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992).

25        A motion for judgment on the pleadings should only be granted if "the moving
26   party clearly establishes on the face of the pleadings that no material issue of fact remains
27   to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios,*
28   *Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the

pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true and construe[d] . . . in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings under Rule 12(c) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Deveratura v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006) (internal citations omitted).

Section 1983 provides no specific remedies for its violation; nor does it address the survivability of civil rights claims upon the death of a plaintiff. Instead, pursuant to 42 U.S.C. § 1988, where federal law does not provide suitable remedies for such violations, courts are "to turn to 'the common law, as modified and changed by the constitution and statutes of the [forum] State' as long as these are 'not inconsistent with the Constitution and laws of the United States.'" *Robertson v. Wegmann*, 436 U.S. 584, 588 (1978) (quoting 42 U.S.C. § 1988). Courts thus look to state statutes to identify the remedies available in a Section 1983 action. In Arizona, the operative survival statute is A.R.S. §14-3110, which provides:

> Every cause of action, except a cause of action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right of privacy, shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person, provided that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed.

Under the Arizona survival statute, Plaintiff's 1983 claims for excessive force survive, except to the extent they seek damages for pain and suffering. On this point, the parties appear to agree. Moreover, the Complaint does not state, nor does Plaintiff appear to argue, that she is claiming any other actual damages.

1    What remains is whether nominal and punitive damages are allowed, and the

2    parties disagree on this issue. Plaintiff argues that because the Arizona survivability

3    statute is silent as to limitation on nominal or punitive damages, and federal law

4    expressly allows them in § 1983 cases, she is entitled to seek both types of damages here.

5    Defendants respond that Arizona law does not allow nominal or punitive damages in state

6    tort actions where no actual damages are available, and thus no such damages should be

7    allowed in this case.

8    Plaintiff is correct that nominal damages are allowed in this matter. Where a jury

9    finds that a plaintiff's constitutional rights were violated, but there were no actual

10   damages, it nonetheless must award "judgment and a $1.00 nominal damage." *Floyd v.*

11   *Laws,* 929 F.2d 1390, 1401-02 (9th Cir. 1991). Defendants resist the application of

12   federal law on this point, arguing that "[t]o be clear, it is Arizona law that controls here."

13   (Doc. 181 at 2). That argument is incorrect in its breadth. As discussed above, Arizona

14   law does control to the extent that its survivability statute precludes a cause of action or a

15   class of damages, and that preclusion is found by the federal courts not to undermine the

16   purposes of § 1983. The controlling law provides that claims for pain and suffering do

17   not survive a plaintiff's death. But § 14-3110 does not eliminate claims for nominal or

18   punitive damages. And while other Arizona law may address the availability of nominal

19   damages in a non-section 1983 context, the Court does not look to state law beyond the

20   survivability statute to determine the general availability of types of damages in § 1983

21   actions. Thus, nominal damages are available to Plaintiff even where, as here, no actual

22   damages claims are available to her. *See Carey v. Piphus*, 435 U.S. 237, 266 (1978)

23   (holding that violation of constitutional rights should be actionable even where there are

24   no actual damages).

25   The same analysis would apply to punitive damages, in that they are not precluded

26   by Arizona's survivability statute where the original plaintiff dies, and federal law

27   provides that punitive damages may be available even absent actual damages. *See, e.g.,*

28   *Robinson v. Cattaraugus Cnty.*, 147 F.3d 153 (2d Cir. 1998). However, Plaintiff is not

1    entitled to punitive damages in this case because Mr. Miles did not plead them. In his

2    Complaint, Mr. Miles prayed in relevant part for "[m]oney damages in the amount of

3    five-million-dollars-cash." (Doc. 1, Compl. at 8.) Plaintiff invites the Court to conclude

4    that the above prayer "could only be understood as a request for punitive relief."

5    (Doc. 179 at 2.) The Court declines that invitation. The mere demand of a large monetary

6    award is not reasonably read as a request for punitive damages. And the Complaint

7    contains no other indicia that Mr. Miles intended to raise a punitive damages claim, such

8    as an allegation of an evil mind on Defendants' part.

9          Plaintiff argues that throughout the pendency of this matter, Defendants

10   understood Mr. Miles to be seeking punitive damages, citing as evidence that prior to the

11   July 2015 trial date, the parties jointly submitted a Proposed Pretrial Order containing

12   proposed verdict forms that addressed punitive damages. Her argument is unavailing.

13   First, the Court decides this issue in the context of a Motion for Judgment on the

14   Pleadings, in which, pursuant to Fed. R. Civ. P. 12(c), it will consider only the pleadings

15   themselves, and not materials extrinsic to them. *See, e.g., Chavez v. United States*, 683

16   F.3d 1102, 1108-09 (9th Cir. 2012); *cf. Hal Roach Studios*, 896 F.2d at 1550. The Joint

17   Pre-Trial Order is thus beyond the scope of the instant motion.

18         Second, even if the Court were to consider extrinsic filings such as the proposed

19   verdict forms,[3] the forms do not estop or preclude Defendants from raising the failure to

20   plead punitive damages here. This matter was within two weeks of trial and Defendants

21   had not raised any issue concerning the availability of punitive damages. Had the case

22   proceeded to trial in July 2015, and had the jury awarded Plaintiff punitive damages,

23   Defendants would have waived the issue of whether punitive damages were properly

24   pleaded, or pleaded at all. But Plaintiff's passing led to *vacatur* of the trial, and

25   Defendants subsequently filed their Motion for Judgment on the Pleadings, which under

26   the circumstances was timely. Rule 12(c) requires only that such a motion be filed after

27

28         [3] *See, e.g., Morgan v. County of Yolo*, 436 F. Supp. 2d 1152, 1155 (E.D. Cal. 2006) (in addition to the pleadings, the court may consider "matters for which judicial notice is proper").

- 8 -

closing of the pleadings but soon enough so as not to interfere with trial.  Defendants thus benefit from this turn of events under the rules and are permitted to raise for the first time the issue of whether punitive damages were pleaded. Their contention in the Motion for Judgment on the Pleadings that Plaintiff "had no claims for damages against Defendants other than pain and suffering," (Doc. 177 at 6), scant as it may be, is properly raised, and upon a review of the Complaint, correct. The Court will grant judgment on the pleadings as to the lack of a claim for punitive damages.

For the reasons set forth above,

**IT IS ORDERED** granting Ms. Miles's Renewed Motion Regarding Substitution of Party (Doc. 176).

**IT IS FURTHER ORDERED** substituting Elaine Miles as Plaintiff for the decedent, Lawrence Wade Miles, in this matter.

**IT IS FURTHER ORDERED** granting in part and denying in part Defendants' Motion for Judgment on the Pleadings (Doc. 177), as follows:

Plaintiff's claims for pain, suffering and punitive damages are extinguished;

Plaintiff's claim for nominal damages survives for trial.

**IT IS FURTHER ORDERED** setting this matter for a telephonic status conference on **June 1, 2016 at 2:30 p.m.** before District Judge John J. Tuchi in Courtroom 505, 401 W. Washington Street, Phoenix, AZ  85003. Counsel who will try the case shall have their calendars available and be prepared to discuss the trial schedule, length of trial, and any other issues related to trial of this matter. Chambers will e-mail dial-in information to all self-represented parties or counsel prior to the conference.

///

///

///

///

///

1    At this initial Status Conference, the Court will set a schedule for the parties to file

2    a joint proposed pretrial order, a joint stipulated statement of the case, proposed voir dire

3    questions, proposed jury instructions, a joint stipulated form of verdict, witness and

4    exhibit lists, a trial memorandum of law, and motions in limine. The Court will also set a

5    schedule for the Final Pretrial Conference and a firm trial date.

6    Dated this 13th day of May, 2016.

7

8    _____
     Honorable John J. Tuchi

9    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28